**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

GARDNER WEAVER,                      :
AIS 228713,
                                     :
      Petitioner,
                                     :
vs.                                                  CA 10-0598-CB-C
                                     :
DEBORAH TONEY,
                                     :
      Respondent.

## REPORT AND RECOMMENDATION

Gardner Weaver, a state prisoner presently in the custody of the respondent, has

petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254.   This

matter has been referred to the undersigned for the entry of a report and recommendation

pursuant to 28 U.S.C. §  636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that

the instant petition be dismissed as time barred under the Anti-Terrorism and Effective

Death Penalty Act's one-year limitations provision contained in 28 U.S.C. § 2244(d).

Alternatively, it is recommended that the Court find that it is procedurally barred from

reaching the merits of the claims raised by Weaver.

## FINDINGS OF FACT

    1.    On April 16, 2003, petitioner entered a counseled guilty plea to

manslaughter in the Circuit Court of Mobile County, Alabama. (Doc. 8, Exhibit A, Case Action Summary Sheet, at 4; *see also* Doc. 1, at 2) Weaver was sentenced, that same day, to a 20-year term of imprisonment; he was ordered to serve three years in prison with the remainder of the sentence (17 years) suspended pending his successful completion of five years probation. (*See* Doc. 8, Exhibit A, Case Action Summary Sheet, at 4) By his own admission, Weaver did not appeal his conviction or sentence. (Doc. 1, at 3)

2.     On August 19, 2008, a warrant was issued for Weaver's arrest for violation of the conditions of his probation. (*See* Doc. 8, Exhibit B, Case Action Summary Sheet, at 3) Petitioner's probation was revoked following a hearing on September 16, 2008 and he was ordered to serve the remainder of his 20-year sentence in prison. (*See id.*) Weaver's November 7, 2008 motion for reconsideration was denied on November 8, 2008. (*Id.*) Petitioner did not appeal the revocation of his probation. (*Compare id. with* Doc. 1, at 4)

3.     On June 29, 2010, Weaver filed a petition for resentencing in the Circuit Court of Mobile County, Alabama; this petition was denied on August 19, 2010. (Doc. 8, Exhibit B, Case Action Summary Sheet, at 3)

4.     Weaver filed this federal habeas corpus action in this Court on October 25, 2010. (Doc. 1, at 13) While it appeared to the respondent and to the undersigned, from reading the petition, that petitioner was challenging the validity of his underlying manslaughter conviction (*compare id. with* Doc. 8), petitioner's most recent filing with

this Court indicates that, in fact, Weaver is challenging the revocation of his probation (*see* Doc. 12 ("Petitioner has only ask[ed] about his probation violation on the allegation petitioner was DUI.")).[1]

## CONCLUSIONS OF LAW

**A.     Statute of Limitations**.

1.     The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted on April 24, 1996 and, pertinent to this case, added a new subdivision to 28 U.S.C. 2244 providing for a one-year period of limitations within which state prisoners must file their habeas corpus petitions pursuant to 28 U.S.C. § 2254.   *Wilcox v. Florida Dept. of Corrections*, 158 F.3d 1209, 1210 (11th Cir. 1998), *cert. denied sub nom. Wilcox v. Moore*, 531 U.S. 840, 121 S.Ct. 103, 148 L.Ed.2d 62 (2000).

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>  (C) the date on which the constitutional right asserted was

---

[1]     Nevertheless, in an effort to cover all bases, the undersigned considers Weaver's petition as an attack on both his underlying manslaughter conviction and as an attack on the revocation of his probation.

initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

2.      Subsections (B), (C), and (D) of § 2244(d)(1) clearly do not apply to petitioner's case and therefore, the timeliness of Weaver's petition must be calculated under § 2244(d)(1)(A) based upon the date on which his manslaughter conviction became final. "For prisoners whose convictions became final prior to the effective date of the AEDPA, the one-year statute of limitations instituted by the AEDPA began to run on its effective date, i.e., April 24, 1996."   *Guenther v. Holt*, 173 F.3d 1328, 1331 (11th Cir. 1999) (citations omitted), *cert. denied*, 528 U.S. 1085, 120 S.Ct. 811, 145 L.Ed.2d 683 (2000). This rule from *Guenther* is obviously not applicable in this case since Weaver's conviction became final in 2003.

3.      Section 2244(d)(1)(A) specifically provides that the one-year limitations period will run from "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review[.]" Weaver did not appeal

his April 16, 2003 guilty-plea conviction and, therefore, it became final when the

forty-two (42) day period to appeal provided for by Ala.R.App.P. 4(b)(1) expired, that is,

on May 28, 2003. Ala.R.App.P. 4(b)(1) ("In a criminal case a notice of appeal by the

defendant shall be filed with the clerk of the trial court within 42 days (6 weeks) after

pronouncement of the sentence, provided that the notice of appeal may be oral, as

provided in Rule 3(a)(2)."); *see Simmons v. Upton*, 2007 WL 2375823, *2 (M.D. Ga.

Aug. 14, 2007) ("Georgia law provides that an appeal of a guilty plea shall be filed within

30 days of such plea. . . . In this case, petitioner entered a guilty plea on May 25, 2001;

petitioner did not file a direct appeal, therefore, his conviction became final on or about

June 25, 2001, when the time for filing such an appeal expired."); *Jennings v. Meadows*,

2006 WL 1134083, *2 (S.D. Ga. April 21, 2006) ("[B]ecause Petitioner did not file an

appeal, his conviction became 'final' when the thirty (30) day period to appeal provided

for by O.C.G.A. § 5-6-38(a) expired. As Petitioner's conviction and sentence were

rendered on March 20, 1998, his conviction became final on or about April 19, 1998.");

*Sweet v. Crosby*, 2006 WL 1319440, *1 (M.D. Fla. 2006) ("Petitioner's conviction was

entered on August 14, 1998. Because he did not file a direct appeal, his conviction

became final thirty days later, on September 14, 1998."); *cf. Adams v. United States*, 173

F.3d 1339, 1342 n.2 (11th Cir. 1999) ("[W]here a defendant does not pursue a direct

appeal, the conviction becomes final when the time expires for filing a direct appeal.").

4.      Weaver's one-year period of limitations under AEDPA began to run on May 28, 2003 and expired on May 28, 2004. Petitioner is unable to take advantage of the tolling provision built into § 2244(d), 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."); *Guenther, supra*, 173 F.3d at 1331 ("'The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation in [subsection (d)].'"); *cf. Coates v. Byrd*, 211 F.3d 1225, 1227 (11th Cir. 2000) ("We agree with the Tenth and Fifth Circuits that the time during which a petition for writ of certiorari is pending, or could have been filed, following the denial of collateral relief in the state courts, is not to be subtracted from the running of time for 28 U.S.C. § 2244(d)(1) statute of limitations purposes."), *cert. denied*, 531 U.S. 1166, 121 S.Ct. 1129, 148 L.Ed.2d 995 (2001), because he never filed a Rule 32 petition collaterally attacking his conviction and sentence. *See Pace v. DiGuglielmo,* 544 U.S. 408, 413, 125 S.Ct. 1807, 1811-1812, 161 L.Ed.2d 669 (2005) ("As in *Artuz*, we are guided by the 'common usage' and 'commo[n] underst[anding]' of the phrase 'properly filed.' In common understanding, a petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more 'properly filed' than a petition filed after a time

limit that permits no exceptions. The purpose of AEDPA's statute of limitations confirms this commonsense reading. On petitioner's theory, a state prisoner could toll the statute of limitations at will by filing untimely state postconviction petitions. This would turn § 2244(d)(2) into a *de facto* extension mechanism, quite contrary to the purpose of AEDPA, and open the door to abusive delay."). Accordingly, the only avenue by which this Court can consider the merits of petitioner's § 2254 petition is by finding that he is entitled to equitable tolling of AEDPA's one-year limitations period.

     5.     Recently, in *Holland v. Florida*, 560 U.S. ___, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010), the Supreme Court specifically held, for the first time, that "§ 2244(d) is subject to equitable tolling in appropriate cases[,]" *id.* at ___, 130 S.Ct. at 2560, and reiterated "that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id*. at ___, 130 S.Ct. at 2562. For its part, the Eleventh Circuit has long embraced the doctrine of equitable tolling with regard to the one-year limitations period at issue: "Equitable tolling is to be applied when '"extraordinary circumstances" have worked to prevent an otherwise diligent petitioner from timely filing his petition.' . . . Thus, the petitioner must show both extraordinary circumstances and due diligence in order to be entitled to equitable tolling." *Diaz v. Secretary for the Dept. of Corrections*, 362 F.3d 698, 700-701 (11th Cir. 2004) (citation

omitted). "Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'" *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir. 2000) (citation omitted). Thus, the one-year limitations provision need not be equitably tolled unless there is evidence that "extraordinary circumstances" beyond petitioner's control made it impossible for him to file his petition on time. *See Miller v. New Jersey State Dept. of Corrections*, 145 F.3d 616, 618-619 (3rd Cir. 1998) ("[E]quitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.' . . . Generally, this will occur when the petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights.' . . . The petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.' . . . Mere excusable neglect is not sufficient."); *Calderon v. United States District Court for the Central District of California*, 128 F.3d 1283, 1288 (9th Cir. 1997) ("Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time."), *cert. denied*, 522 U.S. 1099, 118 S.Ct. 899, 139 L.Ed.2d 884 (1998) and *cert. denied sub nom. Beeler v. Calderon*, 523 U.S. 1061, 118 S.Ct. 1389, 140 L.Ed.2d 648 (1998). The Supreme Court in *Holland* indicated that "[t]he diligence required for equitable tolling

purposes is reasonable diligence, not maximum feasible diligence[,]" *id*. at __, 130 S.Ct. at 2565, and gave the following guidance with respect to "extraordinary circumstances":

> We have previously held that "a garden variety claim of excusable neglect," such as a simple "miscalculation" that leads a lawyer to miss a filing deadline, does not warrant equitable tolling. But the case before us does not involve, and we are not considering, a "garden variety claim" of attorney negligence. Rather, the facts of this case present far more serious instances of attorney misconduct. And, as we have said, although the circumstances of a case must be "extraordinary" before equitable tolling can be applied, we hold that such circumstances are not limited to those that satisfy the test that the Court of Appeals used in this case.

> The record facts that we have set forth in Part I of this opinion suggest that this case may well be an "extraordinary" instance in which petitioner's attorney's conduct constituted far more than "garden variety" or "excusable neglect." To be sure, Collins failed to file Holland's petition on time and appears to have been unaware of the date on which the limitations period expired-two facts that, alone, might suggest simple negligence. But, in these circumstances, the record facts we have elucidated suggest that the failure amounted to more: Here, Collins failed to file Holland's federal petition on time despite Holland's many letters that repeatedly emphasized the importance of his doing so. Collins apparently did not do the research necessary to find out the proper filing date, despite Holland's letters that went so far as to identify the applicable legal rules. Collins failed to inform Holland in a timely manner about the crucial fact that the Florida Supreme Court had decided his case, again despite Holland's many pleas for that information. And Collins failed to communicate with his client over a period of years, despite various pleas from Holland that Collins respond to his letters.

*Id.* at ___, 130 S.Ct. at 2564.

6.      In this case, petitioner has not established that the instant habeas corpus petition was timely filed nor has he established that extraordinary circumstances and due

diligence counsel equitable tolling of the limitations period. *See Spottsville v. Terry*, 476

F.3d 1241, 1245 (11th Cir. 2007) ("'The burden of establishing entitlement to this

extraordinary remedy plainly rests with the petitioner[.]'"). Petitioner makes no argument

that he was ignorant of the one-year limitations period.[2] Instead, it is Weaver's apparent

position that the one-year limitations period simply is not applicable to his case since he

raises jurisdictional issues. (*See* Doc. 1, at 12) However, Weaver has cited no authority

which stands for this proposition; in fact, the authority which exists stands for the

contrary. *See, e.g., Barreto-Barreto v. United States*, 551 F.3d 95, 100 (1st Cir. 2008)

(pointing out that "[n]othing in the language of § 2255 suggests that jurisdictional

challenges are exempt from the one-year limitations period" and holding that such

petitions "are not exempt from § 2255's filing deadline"); *Davis v. Secretary, Dep't of*

*Corrections*, 2009 WL 4730548, *1 (M.D. Fla. Dec. 7, 2009) ("There is no exception

under AEDPA's statute of limitation for a § 2254 claim that the state court lacked subject

---

[2]        In truth, such an argument would not serve as a basis to equitably toll the
limitations period. *Gardner v. Walker*, 2005 WL 1127137, *1 (M.D. Ga. 2005) ("'Ignorance of
the law is no excuse; it is not a reason for equitable tolling.' . . . Here, Petitioner's Objection is
without merit because his ignorance of AEDPA's limitations period fails to amount to
'extraordinary circumstance[s]' for equitable tolling purposes."); *see also Burton v. Deloach,*
2008 WL 2131398, *2 (M.D. Ala. March 13, 2008) ("The law is well settled that an inmate's
lack of legal knowledge, his failure to understand legal principles and/or the inability to
recognize potential claims for relief at an earlier juncture do not constitute extraordinary
circumstances sufficient to warrant equitable tolling of the limitation period."), *report &*
*recommendation adopted by* 2008 WL 2131395 (M.D. Ala. May 20, 2008); *see Teel v. Farrell*,
2006 WL 1148817, *4 (M.D. Ala. 2006) ("[A]n inmate's status as a pro se litigant does not
warrant equitable tolling.").

matter jurisdiction to impose the sentence for the conviction because the indictment was defective."); *United States v. Williams,* 2009 WL 3230399, *8 (N.D. Fla. Oct. 2, 2009) ("Jurisdiction is specifically listed as a ground for § 2255 relief, and is not excluded from [] the one year limitations period of § 2255(f)[.]"), *aff'd,* 383 Fed.Appx. 927 (11th Cir. June 21, 2010), *cert. denied,* ___ U.S. ___, 131 S.Ct. 846 (2010). Accordingly, the undersigned concludes that nothing other than petitioner's own lack of due diligence is responsible for the untimeliness of the filing of the instant petition. This is simply not one of those rare cases in which principles of equitable tolling can save petitioner from AEDPA's one-year limitations period.

**B.     Procedural Default Doctrine**.

7.     In *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), the Supreme Court stated that it would "not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment."  *Id.* at 729, 111 S.Ct. at 2553-2554.   This rule applies whether the state law ground is procedural or substantive.  *Id.* at 729, 111 S.Ct. at 2554.   The doctrine applies to bar federal habeas review when a state court declines to address a petitioner's federal claims because the petitioner fails to meet a state procedural requirement. *Id*. at 729-730, 111 S.Ct. at 2554; *see also Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) (federal

courts must honor legitimate state trial and appellate procedural rules when enforced by state courts and must decline to review on the merits claims that the state treats as barred absent a showing of cause for non-compliance with such rules and resulting prejudice); *Alderman v. Zant*, 22 F.3d 1541, 1549 (11th Cir.) ("Pursuant to the doctrine of procedural default, a state prisoner seeking federal habeas corpus relief, who fails to raise his federal constitution[al] claim in state court, or who attempts to raise it in a manner not permitted by state procedural rules is barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default."), *cert. denied sub nom. Alderman v. Thomas*, 513 U.S. 1061, 115 S.Ct. 673, 130 L.Ed.2d 606 (1994). "In these cases, the state judgment rests on independent and adequate state procedural grounds." *Coleman*, 501 U.S. at 730, 111 S.Ct. at 2554 (citations omitted).

8.    The application of the independent and adequate state ground doctrine in the habeas context is grounded in concerns of federalism and comity. *Id.*

> Without the rule, a federal district court would be able to do in habeas what this Court could not do on direct review; habeas would offer state prisoners whose custody was supported by independent and adequate state grounds an end run around the limits of this Court's jurisdiction and a means to undermine the State's interest in enforcing its laws.

*Id.* at 730-731, 111 S.Ct. at 2554.

9.    An additional consideration comes to the fore when the independent and adequate state ground supporting a petitioner's custody is a state procedural default. *Id.*

at 731, 111 S.Ct. at 2554.   The Supreme Court has long held

> that a state prisoner's federal habeas petition should be dismissed if the
> prisoner has not exhausted available state remedies as to any of his federal
> claims.  (citations omitted)  This exhaustion requirement is also grounded
> in principles of comity; in a federal system, the States should have the
> opportunity to address and correct alleged violations of state prisoners'
> federal rights.

.    .    .

> [A] habeas petitioner who has failed to meet the State's procedural
> requirements for presenting his federal claims has deprived the state courts
> of an opportunity to address those claims in the first instance.  A habeas
> petitioner who has defaulted his federal claims in state court meets the
> technical requirement for exhaustion; there are no state remedies any longer
> "available" to him.  (citations omitted)  In the absence of the independent
> and adequate state ground doctrine in federal habeas, habeas petitioners
> would be able to avoid the exhaustion requirement by defaulting their
> federal claims in state court.  The independent and adequate state ground
> doctrine ensures that the States' interest in correcting their own mistakes is
> respected in all federal habeas cases.

*Id.* at 731, 732, 111 S.Ct. at 2554-2555, 2555.

10.    In the habeas context, federal courts are to "presume that there is no independent and adequate state ground for a state court decision when the decision 'fairly appears to rest primarily on federal law, or to be interwoven with the federal law, and when the adequacy and independence of any possible state law ground is not clear from the face of the opinion.'"   *Id.* at 735, 111 S.Ct. at 2557 (quoting *Michigan v. Long*, 463 U.S. 1032, 1040-1041, 103 S.Ct. 3469, 3476-3477, 77 L.Ed.2d 1201 (1983)); *see Harris v. Reed*, 489 U.S. 255, 263, 109 S.Ct. 1038, 1043, 103 L.Ed.2d 308 (1989) ("[A]

procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar."). In all other cases, the presumption is not applicable. *See Coleman*, 501 U.S. at 739, 111 S.Ct. at 2559. In *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), the Supreme Court held that the *Harris v. Reed* presumption is inapplicable to a claim that is never presented to the state courts. *Id*. at 299, 109 S.Ct. at 1069 ("The rule announced in *Harris v. Reed* assumes that a state court has had the opportunity to address a claim that is later raised in a federal habeas proceeding."). Moreover, the presumption "looks through" unexplained orders to the last reasoned decision. *Ylst v. Nunnemaker*, 501 U.S. 797, 804, 111 S.Ct. 2590, 2595, 115 L.Ed.2d 706 (1991).

> Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground. If an earlier opinion "fairly appear[s] to rest primarily upon federal law," *Coleman*,[___ U.S., at ___, 111 S.Ct., at 2559], we will presume that no procedural default has been invoked by a subsequent unexplained order that leaves the judgment or its consequences in place. Similarly where . . . the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits.

501 U.S. at 803, 111 S.Ct. at 2594. Also, the presumption may not be applied in cases in which the state court opinion did not, at a minimum, discuss the federal grounds at issue. *Tower v. Phillips*, 7 F.3d 206, 211 (11th Cir. 1993) ("*Coleman* and *Ylst* lead us to

conclude that we may not assume that had the state court issued an opinion, it would have ignored its own procedural rules and reached the merits of this case. In fact, the most reasonable assumption is that had the state court ruled, it would have enforced the procedural bar.").  Finally, "where a state court has ruled in the alternative, addressing both the independent state procedural ground and the merits of the federal claim, the federal court should apply the state procedural bar and decline to reach the merits of the claim."  *Alderman v. Zant, supra*, 22 F.3d at 1549.

11.    When a petitioner has procedurally defaulted a claim, a federal court is barred from reaching the merits of that claim unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim[] will result in a fundamental miscarriage of justice."  *Coleman, supra*, 501 U.S. at 750, 111 S.Ct. at 2565.  The cause and prejudice standard applies "uniformly to all independent and adequate state procedural defaults."  *Id.* at 750-751, 111 S.Ct. at 2565.

> In procedural default cases, the cause standard requires the petitioner to show that some objective factor external to the defense impeded counsel's efforts to raise the claim in state court. Objective factors that constitute cause include interference by officials that makes compliance with the state's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to counsel. In addition, constitutionally [i]neffective assistance of counsel is cause. Attorney error short of ineffective assistance of counsel, however, does not constitute cause and will not excuse a procedural default. Once the petitioner has established cause, he must show actual prejudice resulting

from the errors of which he complains.

Federal courts retain the authority to issue the writ of habeas corpus in a further, narrow class of cases despite a petitioner's failure to show cause for a procedural default. These are extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime. We have described this class of cases as implicating a fundamental miscarriage of justice.

*McCleskey v. Zant*, 499 U.S. 467, 493-494, 111 S.Ct. 1454, 1470, 113 L.Ed.2d 517 (1991) (internal quotation marks and citations omitted).

12.     In his answer, respondent asserts that to the extent petitioner is attacking the revocation of his probation, his claims are procedurally defaulted under *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999) ("[I]n order to exhaust state remedies as to a federal constitutional issue a prisoner is required to file a petition for discretionary review in the state's highest court raising that issue, if discretionary review is part of the appellate procedure in the state.") due to petitioner's admitted failure to raise these claims in the state courts of Alabama (*see* Doc. 1, at 4-6).

13.     It is clear to the undersigned that Weaver has procedurally defaulted all claims raised in the petition for the reason previously identified. More specifically, petitioner did not raise any of his claims on direct review following the revocation of his probation nor did he raise them on collateral review in a Rule 32 petition. *Cf. Smith v. Jones*, 256 F.3d 1135, 1140 (11th Cir. 2001) ("[T]here is no doubt that Alabama's discretionary review procedures bring Alabama prisoner habeas petitions within the scope

of the *Boerckel* rule."), *cert. denied*, 534 U.S. 1136, 122 S.Ct. 1081, 151 L.Ed.2d 982 (2002). Thus, this Court is procedurally barred from reaching the merits of these claims pursuant to *Boerckel, supra*, 526 U.S. at 848, 119 S.Ct. at 1734 (a prisoner who fails to present his claims in a petition for discretionary review to a state court of last resort has not properly presented unless claims and, therefore, has procedurally defaulted same), unless petitioner can establish that either the cause and prejudice or fundamental miscarriage of justice exception is applicable to his case, *Smith, supra,* 256 F.3d at 1138.

14.    Petitioner makes no attempt to establish cause and prejudice even though the opportunity to do so was extended to him. (*Compare* Doc. 9, at 2 n.1 ("[E]ven if petitioner means to attack the revocation of his probation, he need explain to this Court how it is not procedurally barred from reaching the merits of his claims.") *with* Doc. 12 (petitioner makes no cause and prejudice arguments)) Therefore, it is found that the cause and prejudice exception to the procedural default doctrine is not applicable in this case. *See Macklin v. Singletary*, 24 F.3d 1307, 1313 (11th Cir. 1994) (in abuse of the writ case, appellate court suggests that habeas courts need perform no analysis when the petitioner fails to argue an exception to application of the doctrine), *cert. denied*, 513 U.S. 1160, 115 S.Ct. 1122, 130 L.Ed.2d 1085 (1995); *Tower v. Phillips*, *supra*, 7 F.3d at 211 (court addressed only the single cause argument proffered by the petitioner).

15.    The fundamental miscarriage of justice/actual innocence exception does not

apply in this case because petitioner has not satisfied the standard set forth in *Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). That standard requires Weaver to show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.* at 496, 106 S.Ct. at 2649-2650. To be credible, a claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup v. Delo,* 513 U.S. 298, 324, 115 S.Ct. 851, 865, 130 L.Ed.2d 808 (1995); *see also id.* at 327, 115 S.Ct. at 867 ("To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."). Weaver has not come forward with any new reliable evidence not presented at trial which establishes his actual innocence of manslaughter.[3] Accordingly, this case is not one of those rare cases in which the actual innocence exception is applicable.

16. Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the

---

[3] Instead, what petitioner is arguing is that he has not gone to court and been tried on the DUI charges from Mississippi which served as the basis for the revocation of his probation in this case and, therefore, he should be placed back on probation. (*See* Doc. 12, at 1-2) However, it does not matter whether petitioner has been tried or if he is ever tried in Mississippi on the DUI charges. All that matters is whether the revocation of petitioner's probation conformed with constitutional standards. In this regard, not only has petitioner made no argument that his probation revocation proceeding was itself constitutionally deficient but, as well, he has not shown that he exhausted any such claims to Alabama's highest state court.

undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where, as here, a habeas petition is being denied on procedural grounds without reaching the merits of the underlying constitutional claims, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). Inasmuch as equitable tolling is an extraordinary remedy which the Eleventh Circuit has rarely granted, *see*

*Diaz, supra*, 362 F.3d at 701 ("[T]his court has rejected most claims for equitable tolling."), and petitioner has clearly defaulted the claims he wishes this Court to address pursuant to *O'Sullivan v. Boerckel, supra*, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Weaver should be allowed to proceed further, *Slack, supra,* 529 U.S. at 484, 120 S.Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

17.     Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."   If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.   *See, e.g., Griffin v. DeRosa*, 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20, 2010) (providing for same procedure), *report & recommendation adopted sub nom. Griffin v. Butterworth,* 2010 WL 3943699 (N.D.Fla. Oct. 5, 2010).

<u>**CONCLUSION**</u>

The Magistrate Judge recommends that Gardner Weaver's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be dismissed as time-barred under § 2244(d). Alternatively, petitioner is not entitled to any relief in this Court because he

has procedurally defaulted all claims. Weaver is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal in forma pauperis.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 8th day of February, 2011.

  s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.      *Objection*.   Any party who objects to this recommendation or anything in it must, within
fourteen (14) days of the date of service of this document, file specific written objections with the Clerk
of this court.   Failure to   do so will bar a *de novo* determination by the district judge of anything in the
recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.   *See*
28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677
F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).   The procedure for challenging the findings and
recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997),
which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive
> matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of
> Objection to Magistrate Judge's Recommendation' within ten days[4] after being served
> with a copy of the recommendation, unless a different time is established by order.   The
> statement of objection shall specify those portions of the recommendation to which
> objection is made and the basis for the objection.   The objecting party shall submit to the
> district judge, at the time of filing the objection, a brief setting forth the party's arguments
> that the magistrate judge's recommendation should be reviewed *de novo* and a different
> disposition made.   It is insufficient to submit only a copy of the original brief submitted
> to the magistrate judge, although a copy of the original brief may be submitted or referred
> to and incorporated into the brief in support of the objection.   Failure to submit a brief in
> support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district
judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.   Pursuant to 28 U.S.C. §
1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case
are adequate for purposes of review.   Any party planning to object to this recommendation, but unable to
pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is
required before the United States will pay the cost of the transcript.

---

[4]      Effective December 1, 2009, the time for filing written objections was extended
to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P.
72(b)(2).